

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~JACKSON~~ ~~PRESTON~~ ~~SHEPPERD~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Clyde Barton
County Auditor
Winkler-County
Kermit, Texas

Dear Sir:

Opinion No. O-4399
Re: Does the commissioners'
court have authority to
pay constables a mileage
fee of four cents per mile
in addition to their regu-
lar salary paid under the
Officers' salary law, and
related questions?

Your letter of recent date requesting the opinion of this depart-
ment on the questions contained therein reads in part as follows:

"Winkler County is operating under the Officers
Salary Law by order of the Commissioners' Court, since
the population of the County does not automatically
place the County subject to that Law.

"Does the Commissioners Court have authority to
pay Constables a mileage fee of four cents per mile
in addition to their regular salary paid under the
Officers Salary Law?

"Does the Commissioners Court have authority to
purchase ammunition for Constables operating under the
Officers Salary Law?

"Does the Commissioners Court have authority to pay
for the installation, monthly service charge, and toll
charges on telephones installed in the private residences
of Deputy Sheriffs or Constables operating under the
Officers Salary Law? The telephone to be used for offi-
cial business only."

Winkler County has a population of 6,178 inhabitants accord-
ing to the 1940 Federal census.

Section 15 of Article 3912e provides in part:

"The Commissioners Court in counties having
a population of less than twenty thousand (20,000)
inhabitants, according to the last preceding Fed-
eral census at the first regular meeting in January
of each calendar year, may pass an order providing
for compensation of all county and precinct offi-
cers on a salary basis. . . . In the event such
court passes such order they shall pay to each of
said district and county officers in money an annual
salary in twelve (12) equal installments of not less
than the total sum earned as compensation by said
officer in the said official capacity for the fiscal
year 1935 and not more than the maximum allowed such
officer under laws existing August 24, 1935. . . ."

Section 15 of Article 3912e, supra, provides in part:

"In counties where it shall have been determ-
ined that precinct officers shall be compensated on
an annual salary basis it shall be the duty of the
commissioners' court of such county to fix the sal-
ary allowed to such officers. Each of said officers
shall be paid in money an annual salary in twelve (12)
equal installments of not less than the total sum
earned as compensation earned by him in his official
capacity for the fiscal year 1935 and not more than
the maximum amount allowed such officer under laws
existing August 24, 1935. . . ."

By virtue of Section B, Article 3899, Vernon's Annotated Civil
Statutes, the sheriff or his deputies who are compensated on a salary
basis who own and use their automobile or automobiles in the discharge
of official business are allowed four cents for each mile traveled in
the discharge of official business. Such sum shall cover all expenses
of the maintenance, depreciation, and operation of such automobile or
automobiles. Such mileage shall be reported and paid in the same
manner prescribed for other allowable expenses under the provisions of
the act. This act does not provide four cents for each mile traveled
by a constable in the discharge of his official business. We fail to
find any statute authorizing a constable on a salary basis to receive
any specified amount for each mile traveled in the discharge of offi-
cial business. Therefore, we answer your first question in the nega-
tive.

With reference to your second question, by virtue of Section B, Article 3899, supra, we think that the commissioners' court has the authority to allow expenditures for the purchase of ammunition for constables operating under the officers' salary law to the extent "necessary in the proper and legal conduct of his office," when the provisions of said statute have been complied with.

In reply to your third question, it is our opinion that the statute (Article 3899), or any other statute does not authorize the commissioners' court to pay for installation, monthly service charge and toll charges on telephones installed in the private residence of deputy sheriffs or constables operating under the officers' salary law.

Yours very truly

ATTORNEYGENERAL OF TEXAS

by s/ Ardell Williams

Ardell Williams
Assistant

APPROVED FEB 18, 1942

GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED Opinion Committee
By BWB Chairman